Peter J. BUTLER, Trustee of the Bankrupt Estate of Geraldine Duhon Noble, Walton Bishop Noble

v.

Bill COLLINS.

Civ. A. No. 80–121.

United States District Court, E. D. Louisiana.

Sept. 24, 1981.

---

# 547

by the partnership's sole general partner, C&W Productions, Inc., a Louisiana corporation. Among the powers specifically granted to the general partner by C&W, U.S.A.'s articles of partnership was the unrestricted authority to employ persons on behalf of the partnership. Section 6.2(b) of the partnership agreement provides in part:

> the General Partner shall have the following powers:
>
> 1. To employ on behalf of the Partnership such persons, firms or corporations, as, in their sole discretion and judgment, the General Partner shall deem advisable for the proper operation and management of the business of the Partnership, including corporate affiliates and persons affiliated with the General Partner, such employment to be undertaken upon such terms and for such compensation as the General Partner, in his sole judgment shall determine.

The president of C&W Productions, Inc. was Walton Noble. Thus he was, and could be expected to be, the principal actor in all of the business dealings of C&W, U.S.A.

Some time in January 1976, Collins was hired to act as the festival's producer, and it is upon this fact that his claim against the Noble Estate is based. Collins claims that Noble agreed to pay him $15,500, of which he contends, $13,900 remains due. Under his first theory, Collins claims that Noble hired him not as the duly authorized agent of C&W, U.S.A., but on a *personal* basis, and thus assumed responsibility for the debt personally. The record, however, contains absolutely no written evidence to substantiate Collins' claim that Noble agreed to accept Collins' compensation as a personal obligation. Under his alternate theory, Collins claims that even if the obligation was that of C&W, U.S.A., this Court should "pierce" the General Partner's "corporate veil", and hold the Nobles personally liable for the alleged debt of C&W, U.S.A. Both

Peter J. Butler, New Orleans, La., for plaintiff.

Paula A. Perrone and J. E. Clayton, Jr., New Orleans, La., for defendant.

CHARLES SCHWARTZ, Jr., District Judge.

Pursuant to Bankruptcy Rule 801, this appeal is taken from an order of United States Bankruptcy Judge Thomas M. Brahney, III, issued on October 17, 1979 which sustained the objection of the Trustee in Bankruptcy to the claim of Bill Collins against the Estate of Geraldine and Walton Noble.

In January of 1976, the Nobles and several others[1] formed C&W, U.S.A., a Louisiana partnership *in commendam* for the purpose of promoting, organizing, and operating a "Country and Western Music Festival for the general public, to be held on April 16, 17, 18, 1976 at Noble Farms in Pike County, Mississippi."[2] Substantially all the affairs of C&W, U.S.A. were to be managed

<hr>

1. Robert Cosgrove, Warren McKenna, Jr., Jerome Medley, Dwight McKenna, and Tassin International all apparently purchased limited partnership interests for $16,666.66 each.

2. Part A of Collins' Exhibit 1 from the bankruptcy hearing consists of the C&W, U.S.A. Partnership Agreement. The purpose of the Partnership appears therein as Article Two.

claims were rejected by the Referee, who held C&W, U.S.A. to be a valid corporation.

Appellant has chosen to appeal to this Court without obtaining a transcript of any portion of the proceedings below. In its place, Collins offers only his own recollections and interpretations of the record, augmented by a collection of documentary evidence which lends little support to his contentions.[3] Collins has made no allegation that he was not afforded a reasonable opportunity to obtain either a transcript or a written finding of facts from the Bankruptcy Court.

■ Rule 810 of the Rules of Bankruptcy Procedure requires that this Court "accept the referee's findings of fact unless they are clearly erroneous," and "give due regard to the opportunity of the referee to judge the credibility of the witnesses." The burden of persuasion rests with Collins:

> The burden is squarely on the appellant to show an appellate court that a finding is clearly erroneous [citation omitted], and reversal of a finding is proper only when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766 (1948); *Matter of Multiponics, Inc.*, 622 F.2d 709, 723 (5th Cir. 1980).

Collins has failed to offer *any* evidence which would permit this Court to reach the conclusion that such a mistake has been committed. As the Fifth Circuit goes on to say:

> An appellate court may not consider the evidence *de novo* [citation omitted], and must be particularly reluctant to disregard a finding based on evaluation of testimony drawing credibility into question [citation omitted]. *Multiponics, supra* at 723.

Accordingly, we reject Collins' claim that Noble had agreed to accept personal liability for Collins' compensation since the findings of the Referee were clearly based on an evaluation of testimony of precisely the sort contemplated by *Multiponics*.

■ We must also reject Collins' contention that he is entitled to pierce the corporate veil of C&W Productions, Inc. In a recent Fourth Circuit case which reinstated the decision of a bankruptcy court after it was reversed by the district court, the Court stated:

> the decision to pierce the corporate veil depends largely on the resolution of questions of fact. Therefore the decision of the bankruptcy court should not have been reversed unless it was clearly erroneous. Bankruptcy Rule of Procedure 810. *In Re County Green Ltd. Partnership*, 604 F.2d 289, 292 (4th Cir. 1979).

We cannot find the decision of the bankruptcy court to be "clearly erroneous" on the basis of the facts which Collins has presented to us:

> we must remember that the alter ego doctrine and piercing of the corporate veil are truly exceptional doctrines, reserved for those cases where the officers, directors, or stockholders utilized the corporate entity as a sham to perpetuate a fraud, to shun personal liability, or to encompass other truly unique situations. *Matter of Multiponics, Inc., supra* at 725.

Accordingly, this Court finds that Collins has failed to bear the burden of showing that the decision below was "clearly erroneous" in its findings of fact, and a review of the record which Collins has presented, demonstrates no error which would warrant reversal of the decision of the Bankruptcy Court.

The decision of the Bankruptcy Judge is affirmed.

---

3. This consists of the ten exhibits submitted to the Bankruptcy Court by the appellant.