**In the Matter of GARLEPIED TRANSFER, INC., Debtor.**

Civ. A. No. 88–1059.

Bankruptcy No. 81–02012.

United States District Court,
E.D. Louisiana.

March 9, 1989.

Claude R. Smith, Metairie, La., for debtor.

Jean Hebert Turner, New Orleans, La., Trustee.

Emile L. Turner, Jr., New Orleans, La., for trustee.

Jerry Le Robinett, New Orleans, La., pro se.

ROBERT F. COLLINS, District Judge.

The above-entitled litigation comes before this Court on appeal from the United States Bankruptcy Court for the Eastern District of Louisiana. Claimant, Jerry L. Robinett, appeals the Order of United States Bankruptcy Judge T.M. Brahney, III, which recognized only $184.38 of his $4,684.38 priority claim. The Order of the Bankruptcy Court is AFFIRMED.

FACTS

On or about November 4, 1981, debtor, Garlepied Transfer, Inc., filed for bankruptcy under Chapter 11 of the Bankruptcy Code. During the reorganization period, approximately from mid-August until September 7, 1983, appellant/claimant, Jerry L. Robinett, was employed without knowledge of debtor's bankruptcy status as a tractor-trailer driver for debtor. During this employment, debtor, Garlepied Transfer, Inc., failed to pay Mr. Robinett a total of $184.38 in earned wages. On September 7, 1983, Mr. Robinett resigned from Garlepied Transfer, Inc. because of the pay shortage.

On March 19, 1984, appellant/claimant, Jerry L. Robinett, brought suit in state court against Garlepied Transfer, Inc., claiming $184.38 in earned wages and $4,500.00 in penalty wages, pursuant to La.R.S. 23:631, as prescribed under La.R.S. 23:632. La.R.S. 23:632 reads, in pertinent part:

"Any employer who fails or refuses to comply with the provisions of R.S. 631 shall be liable to the employee either for ninety days wages at the employees daily rate of pay or else for all wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages."

On March 30, 1984, the bankruptcy proceeding was converted from Chapter 11 to Chapter 7. Accordingly, an automatic stay went into effect on March 30, 1984. On April 24, 1984, a preliminary default judgment in the state court litigation was entered against debtor.

On June 6, 1984, claimant Jerry L. Robinett filed a proof of claim for $4,684.38, founded upon the above-mentioned wages with the Bankruptcy Court. Subsequently, the claimant sent a letter to the Bankruptcy Trustee, Jean O. Turner, explaining the legal basis for his priority claim.

On October 18, 1987, the Bankruptcy Trustee filed an objection to Mr. Robinett's priority claim, contending that the claim was improperly plead and substantiated and that the penalty wages were inappropriate. The Bankruptcy Trustee's objection came for hearing on November 30, 1987. Due to his vehicle's breakdown, claimant, Jerry L. Robinett, was unable to attend this hearing. In claimant's absence, the Bankruptcy Court determined, in accordance with 11 U.S.C. § 507(a)(3), that $184.38 of the priority claim would be recognized but not the other $4,500.00 claimed.

On December 8, 1987, claimant, Robinett, filed an ex parte motion for a rehearing of the November 30, 1987 hearing. The Bankruptcy Court ordered a rehearing to take place on February 3, 1988. After the rehearing had been ordered, the Trustee filed an opposition to the rehearing. On the day of the rehearing, due to Trustee's continued opposition, the Judge refused to rehear the matter due to Mr. Robinett's failure to contact the Court and request a continuance on the day of the initial hearing.

Claimant presently requests this Court to order the Bankruptcy Court to rehear the issue of priority with regard to his $4,500.00 penalty wage claim. Alternatively, claimant requests this Court to reverse the Bankruptcy Court and to recognize his priority claim for the $4,500.00 in penalty wages.

*Basis for Appeal*

Claimant contends:

(1) Since a rehearing of the Bankruptcy Trustee's objection had been ordered and had convened on February 3, 1988, it was error for the Bankruptcy Court not to allow claimant the opportunity to contest objections to his claim made by the Bankruptcy Trustee.

(2) Bankruptcy law recognizes a priority claim founded upon "wages"; thus, the Bankruptcy Court erred by disallowing the claimant's priority claim for $4,500.00 in penalty wages.

*Standard of Review*

A District Court shall not set aside the judgment of the Bankruptcy Court unless the findings of fact are clearly erroneous or the legal conclusions are contrary to law. *Re Consolidated Bancshares, Inc.*, 785 F.2d 1249 (5th Cir.1986); *Carlton v. Baww*, 751 F.2d 781 (5th Cir.1985); *Butler v. Collins*, 14 B.R. 546 (E.D.La.1981).

LAW

*The Bankruptcy Court's Denial of Claimant's Motion for Rehearing*

 Rule 9024 of the Rules of Bankruptcy Procedure grants the Bankruptcy Court broad discretion in deciding whether or not to grant a rehearing. While the Bankruptcy Court could have easily listened to argument on the merits of the claim, since both parties were present, this Court, taking account of the Bankruptcy Court's broad discretion, the failure of Mr. Robinett either to appear at the original hearing or to notify the Court in advance of his vehicle problems, and the fact that the Court ruled on the merits of the claim, does not find that the Bankruptcy Court acted in a manner contrary to law by denying the Motion for Rehearing.

*The Bankruptcy Court's Disallowance of the Claimant's $4,500.00 Priority Claim*

Claimant contends that he is entitled to a priority claim for the penalty wages pursuant to 11 U.S.C. § 726(a)(4). 11 U.S.C. § 726(a)(4) reads, in pertinent part:

"Except as provided in section 510 of this title [11 U.S.C. § 510], property of the estate shall be distributed—

(4) Fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty or forfeiture...."

11 U.S.C. § 726(a)(4). The claimant's reliance upon 11 U.S.C. § 726(a)(4) is misplaced. 11 U.S.C. § 507 is the applicable statute for determining priority status and not 11 U.S.C. § 726. 11 U.S.C. § 726 simply deals with the distribution rules of the estate. Though penalty claims are recognized under 11 U.S.C. § 726(a)(4), they are not given any priority status, and since it is clear from the record of the above-entitled bankruptcy proceeding that there were only enough funds to satisfy the priority claims, 11 U.S.C. § 726(a)(4) is totally inapplicable.

Claimant next asserts that the $4,500.00 in penalty wages should be granted a priority under 11 U.S.C. § 507(a)(3). 11 U.S.C. § 507 provides, in pertinent part:

"(a) The following expenses and claims have priority in the following order:

(3) Third, allowed unsecured claims for wages, salaries or commissions ..."

Claimant, however, does not cite a single case for the proposition that penalty wages fall more properly in the category of wages under 11 U.S.C. § 507(a)(3) than under the category of penalties under 11 U.S.C. § 726(a)(4).

The term "wages" in the context of 11 U.S.C. § 507(a)(3) is limited to "money directly due [employees] in back wages." *United States v. Embassy Restaurant*, 359 U.S. 29, 32, 79 S.Ct. 554, 556, 3 L.Ed.2d 601 (1959); *Matter of Weis Securities, Inc.*, 605 F.2d 590, 598 (2nd Cir.1978). La.R.S. 23:632 allows an employee to sue for "penalty wages" equal to 90 days wages at the employee's daily rate, if an employer does not pay all wages due and owing upon that employee's discharge or resignation. This Court agrees with the Bankruptcy Court that the $4,500.00 penalty wage claim is more properly characterized as a "penalty" than a wage. Accordingly, the Court AFFIRMS the Bankruptcy Court's Order, denying the $4,500.00 penalty wage claim priority status.